IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Mark Mixson, ) | C/A No. 0:15-4555-DCN-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Director, Charleston County Detention Center, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Daniel Mark Mixson ("Petitioner"), a self-represented detainee at the Charleston County Detention Center, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915. This Petition is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without requiring the respondent to file a return.

**I.     Factual and Procedural Background**

Petitioner indicates that he is challenging a January 5, 2015 conviction in the Charleston County General Sessions Court for burglary first degree. (ECF No. 1 at 1.) Petitioner indicates that he entered a plea of "not guilty" to the charge and lists his sentence as "3 years outpatient." (Id.) Petitioner states that he was arrested and incarcerated on the burglary charge in April 2011, but was

---

[1] Petitioner submitted his claims on the standard form used by state prisoners to seek habeas corpus relief under 28 U.S.C. § 2254. (ECF No. 1.) As Petitioner references a state conviction, the case has been docketed as a Petition filed under § 2254. However, Petitioner also indicates that he is a detainee at the Charleston County Detention Center and seeks dismissal of a state criminal charge. (Id. at 1, 23.) To the extent Petitioner asserts claims associated with a pending state criminal charge, such claims are analyzed under 28 U.S.C. § 2241, which allows a prisoner to seek pretrial habeas relief. See United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995).



found incompetent to stand trial on November 21, 2013.  (Id. at 2.)  Petitioner claims that he was "bound over to probate court" on December 12, 2014 and "given 3 years of out patient treatment." (Id. at 3.)  Petitioner maintains that he is not incompetent and seeks "dismissal of the offense with prejudice and/or a trial by jury.[2]  (Id. at 3, 23.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. § 2254;[3] the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

---

[2] In response to the court's order directing Petitioner to bring this case into proper form (ECF No. 6), he provided additional documents associated with a competency evaluation ordered by a state probate court (ECF Nos. 10, 14).  Petitioner further provided documents from a civil action he filed in state court alleging a claim of legal malpractice against his attorney for allegedly assisting the "prosecution in finding Plaintiff incompetent to stand trial."  (ECF No. 10 at 8; ECF No. 14-1 at 6.)  Thus, it appears Petitioner may be attempting to challenge a state court order associated with his competency proceedings, rather than a conviction for burglary first degree.

[3] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  See Rule 1(b).



liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Petition references a sentence imposed on January 5, 2015, but seeks "dismissal of the offense with prejudice and/or a trial by jury." (ECF No. 1 at 1, 23.) This is the second habeas action filed by Petitioner in this court seeking dismissal of a burglary first degree charge.[4] See Mixson v. Al Cannon, C/A No. 0:14-2004-DCN (D.S.C. Aug. 18, 2014) (dismissing Petitioner's habeas action without prejudice). However, "an attempt to dismiss an indictment or otherwise prevent a

---

[4] A court may take judicial notice of its own records. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the "most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (internal quotation marks and citation omitted); see also Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).



prosecution" is not attainable through federal habeas corpus. Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).

Further, in Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. See Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996). The Younger Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. Younger, 401 U.S. at 43-44 (citation omitted). From Younger and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Petitioner states that he is currently detained at the Charleston County Detention Center. (ECF No. 1 at 1.) Therefore, to the extent Petitioner seeks dismissal of an ongoing state criminal proceeding, the first part of the test is satisfied. The second part of the test is met as the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986). The Court also addressed the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Kugler v. Helfant, 421 U.S. 117, 124 (1975). As Petitioner can pursue his claims associated with a pending

state criminal matter in state court both during and after the disposition of such charges, he is precluded from federal habeas relief at this time. See Younger, 401 U.S. at 43-44.[5]

Moreover, the instant Petition is also subject to summary dismissal because Petitioner indicates that he has not exhausted his state court remedies for any of the habeas grounds presented. (ECF No. 1 at 9-10, 16-17, 20.) The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State."[6] The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). "[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state courts." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011). Further, "[t]o satisfy the exhaustion

---

[5] To the extent Petitioner may be attempting to assert a right to a speedy trial, the court notes that he fails to provide sufficient factual allegations to plausibly suggest that this case presents the type of " 'narrow and extraordinary circumstances' that would qualify as an exception to Younger abstention and necessitate federal intervention." Hause v. Jones, C/A No. 9:14-275-RMG, 2014 WL 1365734, at *2 (D.S.C. Apr. 4, 2014) (adopting Report and Recommendation finding a detainee's speedy trial claim subject to summary dismissal).

[6] Courts have held that the exhaustion requirement is also applicable to cases filed under 28 U.S.C. § 2241. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 490-91 (1973) (holding that exhaustion is required for claims brought pursuant to § 2241); see also McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (holding that "prisoners must exhaust their administrative remedies prior to filing § 2241 petitions").



requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." Id. (citations omitted).

In this case, Petitioner asserts the filing of motions in state court for the dismissal, or disposition, of his state charge. (ECF No. 1 at 10.) However, Petitioner admits that he has not exhausted his state remedies for the grounds raised in this action.[7] (Id. at 20.) As it is clear from the face of the Petition that Petitioner has potentially viable state court remedies which have not been fully utilized, the court should not keep this case on its docket while Petitioner pursues exhaustion. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."); see also Pitchess v. Davis, 421 U.S. 482, 490 (1975). Therefore, the instant Petition is subject to summary dismissal for lack of exhaustion regardless of whether it is evaluated under § 2254 or § 2241.[8]

---

[7] To the extent Petitioner may be challenging an involuntary commitment by a state probate court, he provides no factual allegations to plausibly suggest the exhaustion of state remedies for such a claim. See Argoe v. Three Rivers Behavioral Health, L.L.C., 710 S.E.2d 67, 72 (S.C. 2011) (outlining procedure for timely appeal of involuntary commitment order issued by a probate court); see also Muhammad v. Geo Care Justcare Dept. of Mental Health, C/A No. 3:11-2396-CMC-JRM, 2011 WL 5827627, at *1 (D.S.C. Nov. 26, 2011) (adopting Report and Recommendation's conclusion that a prisoner's habeas petition challenging an involuntary commitment should be dismissed for failure to exhaust state remedies and noting that claims challenging the constitutionality of a state civil commitment are properly construed under § 2241).

[8] Because Petitioner indicates that none of his grounds for habeas relief are exhausted, the instant Petition is not a mixed habeas petition. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (holding that a federal court has discretion, in limited circumstances, to stay a mixed habeas petition to allow presentation of unexhausted claims to the state court).

**III.    Conclusion**

Accordingly, the court recommends that the instant Petition for writ of habeas corpus be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 27, 2016
Columbia, South Carolina

*The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).